# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**UNITED STATES OF AMERICA**     PLAINTIFF

v.     CASE NO. 4:09CR00351(01) BSM

**LEKIESHA JEAN CUMMINGS**     DEFENDANT

## ORDER

Defendant Lekiesha Jean Cummings moves [Doc. Nos. 41, 46] for an order modifying her sentence under 18 U.S.C. § 3582 based on the retroactive application of the United States Sentencing Commission's crack cocaine penalty guideline reduction (Amendment 750).

At sentencing, Cummings's base offense level was 18, with a criminal history category of IV. She received a three-point reduction for acceptance of responsibility, which resulted in a total offense level of 15 and a Guidelines range of 30-37 months. Cummings received a 33-month sentence.

Under Amendment 750, Cummings's base offense level remains at 18 and her Guidelines range is unchanged at 30-37 months.

Section 1B1.10(a)(2) of the Guidelines provides

> A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

Since neither Cummings's base offense level nor her Guidelines range changed as a result of Amendment 750, Cummings is not entitled to a sentence reduction under the new retroactive amendment.

Accordingly, Cummings's motions to modify sentence under 18 U.S.C. § 3582 [Doc. Nos. 41, 46] are denied.

IT IS SO ORDERED this 7th day of December 2011.

_____
UNITED STATES DISTRICT JUDGE